**Reese ENGLISH, et al., Relator,**

**v.**

**The Honorable Pat GREGORY, Judge Probate Court Number Two, of Harris County, Respondent.**

**Robert W. CALVERT, Sr., Relator,**

**v.**

**The Honorable John PEAVY, Judge 246th District Court of Harris County, Respondent.**

Nos. C14–86–177–CV, A14–86–355–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 24, 1986.

Edward E. Lindsay, Houston, for relator English.

Michael Allen Peters, Houston, for respondent Gregory.

Michael Allen Peters, Houston, for relator Calvert, Sr.

J. Lindsey Short, Jr., Edward E. Lindsay, Jerry C. Adam, Houston, for respondent Peavy.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## ORIGINAL PROCEEDINGS WRITS OF MANDAMUS

ELLIS, Justice.

These original proceedings for writs of mandamus demonstrate yet another example of the jurisdictional struggle between the statutory probate and district courts.

A detailed statement of the events leading up to the filing of this proceeding is a necessary predicate to a full appreciation of the issues presented. Robert W. Calvert, Sr. (hereinafter "Calvert Senior"), and D. Edith English-Calvert were married on September 18, 1976. On May 17, 1985, Mrs. English-Calvert filed for divorce (cause no. 85–29721) in the 246th District Court of Harris County. Calvert Senior filed an original answer followed by a counterclaim against his wife and a third-party action against her children of a prior marriage, alleging conspiracy to defraud him of his separate property. By January of 1986, Calvert Senior's mental health had deteriorated to such a degree that a guardianship proceeding was initiated in Probate Court No. 2 of Harris County. On January 14, 1986, the Probate Court declared Calvert Senior non compos mentis and appoint-

ed his son, Robert W. Calvert, Jr., (hereinafter "Calvert Junior"), guardian of his father's person and estate. On January 16, 1986, Judge Peavy of the 246th District Court, in the divorce suit, entered an order appointing J. Lindsey Short as attorney ad litem to represent the interests of Calvert Senior.

On February 21, 1986, Calvert Junior filed in Probate Court No. 2 a MOTION TO TRANSFER AND CONSOLIDATE ALL MATTERS INCIDENT TO AND PERTAINING TO THE ESTATE OF MR. ROBERT W. CALVERT, SR., FROM THE 246th DISTRICT COURT. Judge Gregory of Probate Court No. 2 granted the motion in all respects. Judge Peavy of the 246th District Court has refused to comply with Judge Gregory's transfer order.

Judge Gregory's transfer order and Judge Peavy's refusal to comply with the same precipitated the filing of these mandamus applications. Specifically, Reese and June English, Mrs. English-Calvert's children, have filed a petition asking that we issue a writ of mandamus ordering Judge Gregory to "transfer" the divorce action back to the District Court, and to set aside "his void appointment" of Calvert Junior as guardian of the person and estate of Calvert Senior. Conversely, Calvert Senior as relator, filed a petition in this court asking that we issue a writ of mandamus ordering Judge Peavy to dissolve the appointment of J. Lindsey Short as attorney ad litem and ordering him to transfer all matters relating to the estate of Calvert Senior from the 246th District Court to Probate Court No. 2 in compliance with Judge Gregory's order.

Essentially two questions are presented: (1) whether the district court or the probate court is wrongfully exercising jurisdiction over Calvert Senior's estate; and (2) whether mandamus is an appropriate method of resolving the contested appointments of Calvert Junior as guardian of the estate and Short as attorney ad litem.

## I. THE JURISDICTIONAL CONFLICT

Calvert Senior contends, pursuant to Tex.Prob.Code Ann. §§ 5A, 5B (Vernon Supp.1986), Judge Gregory properly granted the motion to transfer that part of the divorce suit which pertained and was incident to the estate of Calvert Senior.

§ 5A. Matters Appertaining and Incident to an Estate

(b) In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" ... include all matters relating to the settlement, partition, and distribution of estates of wards.... All statutory probate courts may, in the exercise of their jurisdiction ... hear ... applications filed against or on behalf of any guardianship.... In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court....

§ 5B. Transfer of Proceedings

A judge of a statutory probate court on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district ... court a cause of action *appertaining to or incident to an estate* pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate. (emphasis added).

Calvert Senior urges that Judge Gregory's transfer order did not in any way attempt to divest the district court of jurisdiction over the divorce case but transferred only those matters incident to or pertaining to Calvert Senior's estate, which would include the fraud action brought by Calvert Senior against his wife and her two children.

The question in this case, however, is really one of dominant jurisdiction. When Mrs. English-Calvert filed her divorce petition in the 246th District Court, that court acquired the authority to determine the character of the marital property, divide the estate of the parties, approve written

agreements concerning division of the estate, and enforce the division of the estate after the divorce becomes final. TEX. CONST. art. V § 8; TEX. FAMILY CODE ANN. § 3.58–3.77, 5.01–5.03 (Vernon 1975). In fact, a district court enjoys exclusive jurisdiction over divorce matters. TEX. GOVERNMENT CODE ANN. § 24.007, 24.601 (Vernon Pamph.1986). Likewise, Judge Gregory clearly had the authority to enter an order naming Calvert Junior as guardian over his father's person and estate. TEX.REV.CIV.STAT.ANN. art. 1970–110a (Vernon Pamph.1986); TEX. PROB.CODE ANN. §§ 5, 5A (Vernon Supp.1986). The situation is such that two courts are exercising jurisdiction over the same estate. Calvert Senior submits that pursuant to Probate Code sections 5A and 5B Judge Gregory should be allowed to continue exercising authority over Calvert Senior's estate. We cannot agree.

■ Much has been written on the effect of sections 5A and 5B of the Probate Code when a matter "incident to an estate" is pending in a district court *prior* to the initiation of probate proceedings. We find it unnecessary to fully repeat the careful analysis previously undertaken by this and other courts. Instead, the following excerpt from a recent opinion issued by another panel of this Court adequately summarizes the law:

> When, as here, the district court has gained jurisdiction of an estate before that estate assumed a probate nature, and when the probate court does not have jurisdiction adequate to grant all requested relief, then it is inappropriate for the probate court to exercise jurisdiction over that estate. When, as in this case, the statutory scheme confers concurrent jurisdiction on more than one court, deference to the court first acquiring jurisdiction is a judicial imperative.

*Williams v. Scanlan,* 714 S.W.2d 38 (Tex. App.—Houston [14th Dist.] 1986). *See also Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974); *Pullen v. Swanson,* 667 S.W.2d 359 (Tex.

App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ Accordingly, we hold that because both courts have concurrent jurisdiction over the estate, because the district court has the power to grant all requested relief while the probate court does not, and because the district court first acquired jurisdiction over the estate, Judge Gregory should *not* have granted Calvert Senior's motion to transfer.

## II. CONTESTED APPOINTMENTS OF THE GUARDIAN AND THE ATTORNEY AD LITEM

Reese and June English, Mrs. English-Calvert's children by a previous marriage, have requested that we mandamus Judge Gregory to dismiss or set aside his appointment of Calvert Junior as guardian of his father's estate.

■ It is well settled that for mandamus to lie, relator must have a clear and certain legal right to the remedy or relief sought by the writ. Furthermore, a suit for mandamus must be prosecuted by the real party in interest. A real party in interest is one who has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity. *See generally Porth v. Currie,* 613 S.W.2d 534 (Tex.Civ.App.—Tyler 1981, no writ).

■ There are two litigation proceedings underlying the English mandamus application: (1) the divorce/fraud case, and (2) the appointment of Calvert Junior as guardian of his father's estate. Clearly, Reese and June English have an interest in the fraud action as they are named as party-defendants. It is equally clear that they have *no* justiciable interest in the propriety of the appointment of Calvert Junior as guardian. We are willing to conditionally grant the mandamus sought by the English children insofar as it requests us to order Judge Gregory to vacate or set aside his transfer order. However, relators are not the real parties in interest in the guardianship proceeding and they have no certain right to

the remedy sought. It follows that we must deny relators' mandamus insofar as it seeks a dismissal of the appointment of Calvert Junior as guardian of his father's estate.

The single issue remaining is whether Judge Peavy's order naming J. Lindsey Short as attorney ad litem should be set aside.

 Calvert Senior submits that Judge Peavy's order substantially interfered with the statutory rights and duties conferred upon his son as the duly appointed guardian of his person and estate. Conversely, Judge Peavy, who has filed a response on his own behalf, asserts that he did have the authority to appoint J. Lindsey Short as attorney ad litem. Judge Peavy, however, has not cited any authority supporting his assertion; and although we have independently researched the issue, we have been unable to find any statute or appellate decision authorizing the appointment.[1] The record is clear that Calvert Senior already had an attorney of record in the defense of the divorce action and in the bringing of the third-party fraud suit. Therefore, under the record before us, we find that Judge Peavy had no authority to appoint J. Lindsey Short as attorney ad litem.

It may well be, however, that Judge Peavy intended to appoint Short as a *guardian* ad litem rather than as *an attorney* ad litem. An improper designation by the trial court is not of controlling import. *See generally Phillips Petroleum v. Welch*, 702 S.W.2d 672 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Therefore, assuming arguendo that Judge Peavy did intend to appoint Short as *guardian* ad litem, the question again is whether he had the authority to do so.

Tex.R.Civ.P. 173 provides:

When a minor, lunatic, idiot or a non-compos mentis may be a defendant to a suit and has *no guardian* within this State, or where such person is a party to a suit ... and is represented by a next friend or a guardian who appears to the court to have an *interest adverse* to such minor, lunatic, idiot or non-compos mentis, the court shall appoint a guardian ad litem ... (emphasis added).

Calvert Junior had already been appointed guardian of his father's estate when Judge Peavy appointed Short. No one has contested, and there is no showing or indication from the record, that Calvert Junior's interest is in any way adverse to his father's.

 As we previously noted, mandamus will lie to correct an action of a trial judge who commits a clear abuse of discretion or a violation of a clear legal duty under the law. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984); *Porth, supra.* Because the conditions of Rule 173 concerning appointment of a guardian ad litem are not present, and because Judge Peavy had no authority to appoint an attorney ad litem, Calvert Senior, as relator, is entitled to the relief sought. Accordingly, we order Judge Peavy to set aside or dismiss his appointment of J. Lindsey Short as attorney/guardian ad litem. Calvert Senior's application for mandamus is in all other respects denied.

### III. ORDER

In sum, we conditionally grant the mandamus sought by Reese and June English requesting us to order Judge Gregory to vacate the transfer order. We decline to order Judge Gregory to set aside or dismiss his appointment of Calvert Junior as guardian of the person and estate of Calvert Senior.

We also conditionally grant the mandamus sought by Robert Calvert, Sr. to the extent that it requests us to order Judge Peavy to set aside his appointment of J. Lindsey Short as attorney/guardian ad litem. The relief sought by Robert Calvert, Sr. is in all other respects denied.

TEX. PROBATE CODE §§ 34A, 113A; TEX. FAMILY CODE §§ 5.25, 11.10(c).

1. We have carefully reviewed all statutes referring to the appointment of attorneys ad litem and find that none of them is applicable. *See*

The writs will issue only if Judge Peavy and Judge Gregory do not comply with the terms and provisions of this opinion.