In Re Samuel R. **GRAHAM**, successor guardian of The Estate of Richard M. Milton, an incapacitated person, Relator.

No. 97–0684.

Supreme Court of Texas.

Argued Jan. 7, 1998.

Decided June 5, 1998.

---

**21.** *See id.* at 107, 113 S.Ct. 566.

**22.** *Id.* at 115, 113 S.Ct. 566.

Hugh Lowe, Samuel R. Graham, Austin, for Relator.

Amie Rodnick, Austin, for Respondent.

HANKINSON, Justice, delivered the opinion for a unanimous Court.

In this original proceeding, we decide whether a statutory probate court has the authority to transfer to itself from district court a divorce action when one spouse is a ward of the probate court. Section 608 of the Texas Probate Code authorizes a statutory probate court to transfer to itself a matter appertaining or incident to a guardianship estate. The court of appeals conditionally issued a writ of mandamus compelling the probate court to vacate its order transferring Gitta and Richard Milton's divorce, filed in a Travis County district court, to Travis County Probate Court Number One, where a guardianship of Mr. Milton's estate and person is pending. 947 S.W.2d 737. Because we conclude that the Miltons' divorce proceeding is a matter appertaining and incident to Mr. Milton's guardianship estate, we conditionally grant Relator's petition for writ of mandamus and direct the court of appeals to vacate its order.

Gitta and Richard Milton married in July 1991 and had one child. In April 1995, Mr. Milton attempted suicide; he is now incapacitated and resides in an Austin nursing home.

Following Mr. Milton's attempted suicide, the probate court appointed Mrs. Milton guardian of her husband's person and estate. But after discovering a deed in which Mrs. Milton had transferred title to the community homestead to herself, the probate court appointed Nancy Scherer as Mr. Milton's attorney ad litem. Scherer then filed a motion to show cause why Mrs. Milton should not be removed as guardian of her husband's estate. During a hearing on the motion, the probate court instructed Mrs. Milton on her duties as guardian and directed her to take corrective actions. After the hearing, however, Mrs. Milton filed for divorce in a Travis County district court; she resigned as guardian the next day. The probate court then appointed Scherer guardian of Mr. Milton's estate, and on Scherer's motion, the probate court transferred the divorce proceeding to itself under Probate Code section 608.

Mrs. Milton responded by filing a petition for writ of mandamus in the court of appeals, alleging that the transfer was improper. The court of appeals conditionally granted the writ, ordering the probate court to withdraw its transfer order, and the probate court complied. Scherer moved for rehearing at the court of appeals. After being informed of the rehearing motion, the probate court reinstated its transfer order and

resumed the show cause proceeding. The court of appeals issued a substitute opinion, overruling Scherer's motion for rehearing and again directing the probate court to vacate its transfer order. 947 S.W.2d at 742. The same day, the probate court informed the parties by letter of its conclusion that certain property characterized as community property in probate pleadings by Mrs. Milton was Mr. Milton's separate property and that his separate estate owned certain reimbursement claims against the community property estate. In addition, the probate court awarded Scherer attorney's fees.

Mrs. Milton then filed an application for writ of prohibition and injunction in the court of appeals, requesting the court to "direct the probate court to vacate its orders [awarding Scherer attorney's fees and characterizing property in the marital estate] ... and enjoin [it] from further attempts to interfere with ... the jurisdiction of ... the [d]istrict [c]ourt." The application is still pending in the court of appeals.

Following the mandamus proceeding and the filing of the application for writ of prohibition and injunction in the court of appeals, Scherer resigned as successor guardian of Mr. Milton's estate, and the probate court appointed Samuel Graham, Relator before this Court, successor guardian. Thereafter, the parties began mediated settlement negotiations of the divorce proceedings. As a result, they signed a written agreement, pursuant to Texas Rule of Civil Procedure 11, settling the property division and support issues.

Because the guardianship remained pending in the probate court, Graham moved to approve the settlement with that court. The probate court issued an order approving the settlement, conditioned on the inclusion of certain amendments. The district court rendered a final decree of divorce, but Graham filed a motion for new trial in the district court, asserting that the decree did not comport with the rule 11 agreement or the probate court's amendments. Graham also filed this original proceeding, seeking relief from the court of appeals' mandamus order and arguing that the probate court's transfer of the Miltons' divorce was proper. The ques-tion presented for our review is whether the probate court acted without authority in transferring the divorce.

■ Section 608 of the Probate Code authorizes a statutory probate court to transfer to itself a matter appertaining to or incident to a pending guardianship estate:

A judge of a statutory probate court on the motion of a party to the action or of a person interested in a guardianship, may transfer to the judge's court from a district, county, or statutory court a cause of action appertaining to or incident to a guardianship estate that is pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to the guardianship estate.

TEX. PROB.CODE § 608. A cause of action is appertaining or incident to an estate if section 607 of the Probate Court explicitly defines it as such or if the controlling issue in the suit is the settlement, partition, or distribution of an estate. *See Palmer v. Coble Wall Trust Co., Inc.,* 851 S.W.2d 178, 182 (Tex.1992). Section 607 defines the term "appertaining to or incident to an estate" to include, among other things, "all actions for trial of the right of property incident to a guardianship estate, and generally all matters relating to the settlement, partition, and distribution of a guardianship estate." TEX. PROB.CODE § 607(a). Relying on *English v. Gregory,* 714 S.W.2d 443 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding), and *Williams v. Scanlan,* 714 S.W.2d 38 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding), and notwithstanding the language of sections 607 and 608, Mrs. Milton argues that the probate court does not have authority to transfer to itself a divorce proceeding because only district courts have the power to grant all requested relief in family matters. We disagree.

Although *Williams* and *English* imply that district court jurisdiction over divorces is exclusive, both cases were decided before the Legislature narrowed the exclusive jurisdiction of district courts in 1987. *See* Act of May 21, 1987, 70th Leg., R.S., ch. 148, § 1.36, 1987 Tex. Gen. Laws 538. Before 1987, the

Government Code specified that district courts had exclusive jurisdiction over divorces. *Id.* The revised section states that "[t]he district court has the jurisdiction provided by Article V, Section 8, of the Texas Constitution." TEX. GOV'T CODE § 24.007. In turn, article V, section 8 bridles the exclusive jurisdiction of district courts when jurisdiction is conferred on another court:

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, *except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court ....*

TEX. CONST. art. V, § 8 (emphasis added).

■ The Probate Code confers jurisdiction on statutory probate courts to hear matters appertaining to or incident to a guardianship estate. *See* TEX. PROB.CODE § 607(b) ("In a situation in which the jurisdiction of a statutory probate court is concurrent with that of a district court, a cause of action appertaining to or incident to a guardianship estate shall be brought in a statutory probate court rather than in the district court."); TEX. PROB.CODE § 606(c) ("In those counties in which there is a statutory probate court ... all applications, petitions and motions regarding guardianships ... or other matters addressed by this chapter shall be filed and heard in those courts...."); TEX. PROB.CODE § 606(e) ("A court that exercises original probate jurisdiction has the power to hear all matters incident to an estate."). Thus, current Texas law does not impede a probate court from providing all necessary relief in a divorce action when it properly transfers to itself a cause of action appertaining or incident to a guardianship estate.

■ We must next determine whether the divorce proceeding itself is appertaining to or incident to the guardianship estate. Courts have determined that a variety of matters are appertaining or incident to an estate. *See Lucik v. Taylor,* 596 S.W.2d 514, 516 (Tex.1980) (holding that suits "incident to an estate" include determining whether property was part of marital estate); *Potter v. Potter,* 545 S.W.2d 43, 44 (Tex.Civ.App.—Houston [1st Dist.] 1976,

writ ref'd n.r.e.) (concluding that probate court has jurisdiction to determine whether shares of stock were part of community estate or separate property); *see also Bailey v. Cherokee County Appraisal Dist.,* 862 S.W.2d 581, 582 (Tex.1993) (recovery of delinquent ad valorem taxes); *English v. Cobb,* 593 S.W.2d 674, 674 (Tex.1979) (conversion of estate's bank account); *Parr v. White,* 543 S.W.2d 440, 444 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.) (probate court determines who has the right to control, transfer, and vote the stock of decedent). To determine whether this is such a proceeding, we review Mrs. Milton's pleadings. In her original divorce petition, she requested (1) a disproportionate share of the parties' estate, (2) reimbursement to the community estate for funds used to benefit Mr. Milton's separate estate, (3) reimbursement to her separate estate for funds used to benefit Mr. Milton's separate estate, and (4) reimbursement to her separate estate for funds used to benefit the community estate. Mrs. Milton also sought temporary orders (1) awarding her exclusive control of all community property, (2) enjoining Mr. Milton's guardian from entering, operating, or exercising control over the community property, (3) ordering the guardianship estate to pay child support, and (4) ordering Mr. Milton's separate estate to pay interim attorney's fees. Thus, the outcome of this divorce proceeding, which involves child support but not child custody or visitation, necessarily appertains to Mr. Milton's estate because it directly impacts the assimilation, distribution, and settlement of his estate. *See* TEX. PROB. CODE § 607; *Palmer,* 851 S.W.2d at 182; *see also* TEX. FAM.CODE § 3.63 ("In a decree of divorce ... the court shall order a division of the estate of the parties....."); *In re Johnson,* 595 S.W.2d 900, 903 (Tex.Civ. App.—Amarillo 1980, writ dism'd w.o.j.) (explaining that without a property division, a divorce is not final).

The Probate Code provides that these claims may be resolved in the same court by the same judge. *See* TEX. PROB.CODE §§ 607—608. This interpretation comports with legislative intent as evidenced by the Legislature's persistent expansion of statuto-

ry probate court jurisdiction over the years. *See Palmer,* 851 S.W.2d at 181 ("In 1985, the legislature responded to *Seay* by amending the Texas Probate Code to broaden statutory probate court jurisdiction."); *Seay v. Hall,* 677 S.W.2d 19, 21, 25 (Tex.1984) (noting that the Legislature recognizes probate court expertise in handling estate matters but concluding that statutory probate courts do not have jurisdiction to hear wrongful death and survival claims).

◼ That this case involves child support issues does not alter our conclusion. The Probate Code affirmatively grants probate courts the authority to order child support payments after balancing the child's interests with the ward's interests. *See* TEX. PROB. CODE § 776A(a)–(b) (granting probate courts broad authority to order expenditure of funds from ward's estate for the education and maintenance of ward's spouse or dependents after considering, among other things, the circumstances of ward, ward's spouse, and ward's dependents). The Probate Code also charges the probate court with monitoring payments from the guardianship estate. *See, e.g.,* TEX. PROB.CODE § 671(a) (requiring courts to determine whether guardian is performing all duties that pertain to ward and ward's estate); TEX. PROB.CODE § 741 (requiring the probate court to review guardian's accounting of ward's estate at least annually); TEX. PROB.CODE § 742 (describing when court may authorize payments of claims made against the guardianship estate after reviewing guardian's accounting); TEX. PROB.CODE § 743 (requiring probate court to review guardian's annual report of "disbursements for the support and maintenance of the ward and ... the ward's dependents"). Because Mr. Milton's child support obligations will be paid from his guardianship estate, the probate court can effectively and efficiently supervise the payments to ensure that the interests of both Mr. Milton and his child are protected.

Accordingly, we hold that a statutory probate court has authority under Probate Code section 608 to transfer to itself from district court a divorce proceeding when one party to the divorce is a ward of the probate court. Because the court of appeals exceeded its

mandamus power when it disturbed the probate court's judgment absent an abuse of discretion, exercise of our mandamus authority is proper. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985, orig.proceeding). We therefore conditionally grant the writ of mandamus, which will issue only if the court of appeals does not vacate its mandamus judgment.