

NUMBER 13-10-00225-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: FRANK SCHUSTER FARMS, INC.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Justice Benavides**[1]

Relator, Frank Schuster Farms, Inc., seeks a writ of mandamus directing the

Hidalgo County probate court to vacate an order transferring to itself a dispute pending in

the 92nd Judicial District Court of Hidalgo County. Because venue is proper in the Hidalgo

County probate court, we deny mandamus relief.

### I. BACKGROUND

Frank Schuster created a corporation, Frank Schuster Farms, Inc. ("Farms"), for the

purpose of farming land that he owned. However, he did not transfer all of the land he

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as
in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

owned to the corporation. He died. His son, Frank J. Schuster, was the executor of his will. The decedent's three children, Frank J., Kathleen Wild, and Rebecca Jones, fought over their father's estate, which was ultimately divided among the heirs and settled by arbitration. Frank J. became president of the Farms.

After an unspecified period of time, it became evident that the Farms did not own all of the decedent's real property and that some pieces of realty, that had been owned by the decedent, were not distributed by his estate or affected by the arbitration because "the Estate and the arbitrator were not aware of these small tracts being held by Mr. Schuster at his death." Nevertheless, the Farms utilized these properties, but did not pay rent on the tracts or otherwise compensate the decedent's heirs, nor did it share royalties on the mineral interests in these properties.

Wild discovered that the Farms did not own all of her father's land, although it was farming it, and became disgruntled. Subsequently, the Farms asked each of the heirs to convey their interests in these separate properties to the Farms, contending that it owned these assets by "adverse possession." Instead, Wild filed suit in probate court.

The probate action was filed on or about January 26, 2009. By the fourth amended petition in the probate cause, Wild sued Frank J. Schuster, individually and as executor of the estate of Frank Schuster, Frank Schuster, Inc., Frank Schuster Farms, Frank Schuster Farms, Ltd., and Rebecca Jones. Wild alleged that the defendants misrepresented the contents of her father's estate, converted the estate's assets, and committed, inter alia, fraud, statutory fraud, negligent misrepresentation, and breach of fiduciary duty. Wild further sought an accounting and a declaratory judgment.

On June 22, 2009, the Schuster estate, acting by its executor, Frank J., transferred its interest in the properties at issue to the heirs. Jones and Frank J., in turn,

2

"acknowledged the superior claim to title" owned by the Farms and conveyed any interest in the properties that they had to it.

On January 15, 2010, the Farms brought suit against Wild in cause number C-142-10-A in the 92nd District Court of Hidalgo County, seeking to quiet title to the property that was owned by Frank Schuster, individually, and claiming title by adverse possession.

On February 18, 2010, Wild filed a "Motion to Transfer Case" in the probate court proceeding and further filed a second amended motion to transfer. In response, the Farms filed a motion to dismiss for lack of jurisdiction and special exceptions. The probate court held a non-evidentiary hearing on the motion to transfer and motion to dismiss on March 30, 2010. On March 31, 2010, the probate court of Hidalgo County, Texas, entered an order transferring the district court cause to itself and ordered that the district court cause be consolidated with the pending probate proceeding.

This original proceeding ensued. This Court requested and received a response to the petition for writ of mandamus from the real parties in interest, and further received a reply brief from the relator. Relator, the corporation, claims by one issue that:

> Under the Texas Probate Code, a judge of a statutory probate court may transfer to his or her court from a district court a cause of action related to a probate proceeding pending in the statutory probate court. [Relator] alleges that the Executor of the Estate of Frank Schuster conveyed whatever interest in real property located in Hidalgo County, Texas, it might have had to the beneficiaries of the estate prior to the initiation in the District Court of FSF's suit to quiet title to the Property but during the pendency of Wild's suit in the Probate Court. Is FSF's suit related to a probate proceeding pending in the Probate Court?

In connection with this issue, relator contends that, because the tracts were not estate property at the time the land suit was filed in district court, the land suit is not a matter related to a probate proceeding. It further alleges that the probate court does not have jurisdiction over the land suit because the tracts are not estate property.

3

## II. MANDAMUS RELIEF

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840).

Historically, mandamus was treated as an extraordinary writ that would issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker*, 827 S.W.2d at 840. Now, in some extraordinary cases, whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from

impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* at 136.

Mandamus relief is appropriate when one court interferes with another court's jurisdiction. *In re Swepi, L.P.*, 85 S.W.3d 800, 809 (Tex. 2002) (citing *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) ("If the second court . . . attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdiction.")); *see also Perry v. Del Rio*, 66 S.W.3d 239, 258 (Tex. 2001) (holding that mandamus relief was appropriate when one court actively interfered with the dominant jurisdiction of another court by setting its case for trial at the same date and time). This doctrine is applicable to review a probate court's transfer of a suit pending in district court to itself. *In re Swepi, L.P.*, 85 S.W.3d at 809.

### III. THE PROBATE CODE

The Farms contend that the 2009 revisions to the Texas Probate Code govern our analysis of the issues herein. In contrast, Wild relies on both the current and former version of the probate code. In 2009, the 81st Legislature repealed and amended parts of the Texas Probate Code, including various jurisdictional provisions. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 1351, §§ 12-15, 2009 TEX. GEN. LAWS 4273. The act repealing and amending the probate code provides that:

> The changes in law made by this section apply only to an action filed or a proceeding commenced on or after the effective date of this Act. An action filed or proceeding commenced before the effective date of this Act is governed by the law in effect on the date the action was filed or the proceeding was commenced, and the former law is continued in effect for that purpose.

Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(i), 2009 TEX. GEN. LAWS 4273, 4279;

*see Frost Nat'l Bank v. Fernandez*, No. 08-0534, 2010 Tex. LEXIS 321, at **31-32 n.22 (Tex. Apr. 16, 2010).   The sections of the act at issue herein took effect on September 1, 2009.  *See* Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 15, 2009 TEX. GEN. LAWS 4273, 4282.  The lawsuit filed in probate court was filed on or about January 26, 2009, before the effective date of the act; however, the lawsuit filed in district court was filed on January 15, 2010, after the effective date of the act.  The parties have not provided us with authority regarding which of the two actions we consider to be the action "commenced" under the code so as to trigger the application of the 2009 amendments.   However, because we conclude that the probate court did not err in transferring the case to itself under either version of the probate code, we need not further address this issue.

## A. THE FORMER CODE

Former section 5B of the Texas Probate Code governed the transfer of cases to probate court:

> A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

Act of Sept. 1, 2003, 78th Leg., R.S., ch. 204, § 3.06, 2003 TEX. GEN. LAWS 847, 854 (amended 2009) (current version at TEX. PROB. CODE ANN. § 5B(a) (Vernon Supp. 2009)).

Former section 5A, entitled, "Matters Appertaining and Incident to An Estate," provided:

> (a)     In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, and also include, but are not limited to, all claims by or against an estate,

6

all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons.

(b)  In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the collection, settlement, partition, and distribution of estates of deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any heirship proceeding or decedent's estate, including estates administered by an independent executor; all such suits, actions, and applications are appertaining to and incident to an estate. This subsection shall be construed in conjunction with and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed so as to increase permissible judicial control over independent executors. Except for situations in which the jurisdiction of a statutory probate court is concurrent with that of a district court as provided by Section 5(e) of this Code or any other court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court.

Act of Sept. 1, 2003, 78th Leg., R.S., ch. 1060, §§ 3, 4, 16, 2003 TEX. GEN. LAWS 3052, 3054, *repealed by* Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 TEX. GEN. LAWS 4273, 4279. Accordingly, under the prior version of the statute, a probate court can transfer to itself "a cause of action appertaining to or incident to an estate." Act of Sept. 1, 2003, 78th Leg., R.S., ch. 204, § 3.06, 2003 TEX. GEN. LAWS 847, 854 (amended 2009). The code defined "appertaining" and "incident" to an estate as "generally all matters relating to the collection, settlement, partition, and distribution of estates of deceased persons." Act of Sept. 1, 2003, 78th Leg., R.S., ch. 1060, §§ 3, 4, 16, 2003 TEX. GEN.

7

LAWS 3052, 3054 (repealed 2009).

The term "incident to an estate" confines a probate court's jurisdiction to matters in which the controlling issue is the settlement, partition, or distribution of an estate. *Seay v. Hall*, 677 S.W.2d 19, 23-24 (Tex. 1984). Stated differently, an action incident to an estate is one in which the outcome will have direct bearing on collecting, assimilating, or distributing the decedent's estate. *English v. Cobb*, 593 S.W.2d 674, 676 (Tex. 1979). A cause of action is "appertaining to or incident to an estate" if the probate code "explicitly defines it as such or if the controlling issue in the suit is the settlement, partition, or distribution of an estate." *In re Swepi, L.P.*, 85 S.W.3d at 805 (quoting *In re Graham*, 971 S.W.2d 56, 58 (Tex. 1998)). To determine if the "controlling issue" in a suit is the settlement, partition, or distribution of an estate, the court looks to the pleadings in that suit. *See id.* The probate code expressly provided that "all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property . . . and generally all matters relating to the collection, settlement, partition, and distribution of estates of deceased persons" are matters that are "appertaining to estates" and "incident to an estate." *See* Act of Sept. 1, 2003, 78th Leg., R.S., ch. 1060, §§ 3, 4, 16, 2003 TEX. GEN. LAWS 3052, 3054 (repealed 2009).

The Farms alleges that, because the decedent's estate conveyed whatever interest it might have had in the subject properties to the heirs during the pendency of the probate proceeding but prior to the initiation of the district court proceeding, the district court proceeding was not related to a pending probate proceeding. In other words, the Farms contends that, because the tracts were not estate property at the time the land suit was filed, the land suit is not a matter related to a probate proceeding and thus the probate court lacks jurisdiction over the district court proceeding. We disagree. The lawsuit in

8

district court involves title to and ownership of land and is one pertaining to the collection, settlement, and distribution of the estate of the decedent. Accordingly, under the former law, the lawsuit in district court was appertaining to or incident to an estate under the explicit terms of the probate code, and thus the probate court had statutory authority to transfer that lawsuit to itself.

## B. THE CURRENT CODE

In contrast to former section 5(B)(a), which allowed a probate court to transfer to itself "a cause of action appertaining to or incident to an estate pending in the statutory probate court," the current version of the code provides that the probate court may transfer to itself "a cause of action related to a probate proceeding pending in the statutory probate court." *See* TEX. PROB. CODE ANN. § 5B(a) (Vernon Supp. 2009). The Farms contends that this statutory change in language evinces a legislative intention to narrow the number of suits that fall within its penumbra. The Farms relies on section 4B of the code, entitled "Matters Related to Probate Proceeding," which defines these matters in counties with a statutory probate court[2] as including, in relevant part, "an action for trial of title to real property that is estate property, including enforcement of a lien against the property," and "an action for trial of the right of property that is estate property." *See id.* §4B (Vernon Supp. 2009). The Farms notes that the current statutory language is stated in present tense, and thus indicates that property that has been transferred out of the estate is not currently estate property. Again, we disagree. Under the current code, "estate" is defined broadly and encompasses property subject to transfer:

> "Estate" denotes the real and personal property of a decedent, both as such property originally existed and as from time to time changed in form by sale, reinvestment, or otherwise, and as augmented by any accretions and

---

[2] The Hidalgo County probate court is a statutory probate court. *See* TEX. GOV'T CODE ANN. § 25.1101(b) (Vernon Supp. 2009).

9

additions thereto (including any property to be distributed to the representative of the decedent by the trustee of a trust which terminates upon the decedent's death) and substitutions therefor, and as diminished by any decreases therein and distributions therefrom.

*See id.* § 3(l) (Vernon Supp. 2009).[3]

## C. ANALYSIS

Under terminology derived from the previous version of the probate code, a lawsuit is "incident" to an estate if a review of the pleadings indicates it will have a direct impact on the assimilation, distribution and settlement of the estate. *See Lee v. Hersey*, 223 S.W.3d 439, 445 (Tex. App.–Amarillo 2006, pet. denied); *Estate of Arlitt v. Paterson*, 995 S.W.2d 713, 718 (Tex. App.–San Antonio 1999, pet. denied). We give this phrase a "broad" interpretation. *Lee*, 223 S.W.3d at 445; *Hawkins v. Estate of Volkmann*, 898 S.W.2d 334, 340 (Tex. App.–San Antonio 1994, writ denied). We conclude the same analysis applies to determine if a lawsuit is "related" to an estate. The district court case at issue is one brought by the Farms seeking to quiet title to the property that was owned by the decedent, individually, and which should have been, but was not, originally treated as part of his estate. The Farms is claiming title to this "estate" property, as against an heir to the estate, by adverse possession. Under these circumstances, the district court lawsuit will have a direct impact on the distribution and settlement of the estate. *See Lee*, 223 S.W.3d at 445; *see also English*, 593 S.W.2d at 676 (holding that the probate court had jurisdiction to determine claim that respondent wrongfully withdrew funds from decedent's savings account because the suit involved the right to probate assets and had a direct bearing on the assimilation collection, and distribution of the estate).

The Farms cites *In re Swepi, L.P.*, to support its contention that the probate court

---

[3] We note that the current probate code also provides that a probate court "may exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy. TEX. PROB. CODE ANN. § 4A(c) (Vernon Supp. 2009).

improvidently transferred the district court case to probate court. *See* 85 S.W.3d at 805. However, this authority is distinguishable from the instant case because the underlying proceedings herein concern matters expressly defined as appertaining to, incident to, or related to an estate. *See id.* at 804. Moreover, the decedent herein owned the property at issue in the district court case, and such property should have been, but was not, part of the decedent's estate. *See id.* at 805.

## IV. CONCLUSION

We conclude that the Hidalgo County probate court did not err in transferring the lawsuit filed by the Farms in district court to itself under the pertinent provisions of the probate code. The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and relator's reply brief, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus and the motion for emergency stay, which was previously carried with the case, are DENIED. *See* TEX. R. APP. P. 52.8(a).

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
29th day of June, 2010.

11