NUMBER 13-10-00225-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: FRANK SCHUSTER FARMS, INC.






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Benavides (1)



 Relator, Frank Schuster Farms, Inc., seeks a writ of mandamus directing the
Hidalgo County probate court to vacate an order transferring to itself a dispute pending in
the 92nd Judicial District Court of Hidalgo County. Because venue is proper in the Hidalgo
County probate court, we deny mandamus relief.

I. Background


 Frank Schuster created a corporation, Frank Schuster Farms, Inc. ("Farms"), for the
purpose of farming land that he owned. However, he did not transfer all of the land he
owned to the corporation. He died. His son, Frank J. Schuster, was the executor of his
will. The decedent's three children, Frank J., Kathleen Wild, and Rebecca Jones, fought
over their father's estate, which was ultimately divided among the heirs and settled by
arbitration. Frank J. became president of the Farms.

 After an unspecified period of time, it became evident that the Farms did not own
all of the decedent's real property and that some pieces of realty, that had been owned by
the decedent, were not distributed by his estate or affected by the arbitration because "the
Estate and the arbitrator were not aware of these small tracts being held by Mr. Schuster
at his death." Nevertheless, the Farms utilized these properties, but did not pay rent on the
tracts or otherwise compensate the decedent's heirs, nor did it share royalties on the
mineral interests in these properties. 

 Wild discovered that the Farms did not own all of her father's land, although it was
farming it, and became disgruntled. Subsequently, the Farms asked each of the heirs to
convey their interests in these separate properties to the Farms, contending that it owned
these assets by "adverse possession." Instead, Wild filed suit in probate court. 

 The probate action was filed on or about January 26, 2009. By the fourth amended
petition in the probate cause, Wild sued Frank J. Schuster, individually and as executor of
the estate of Frank Schuster, Frank Schuster, Inc., Frank Schuster Farms, Frank Schuster
Farms, Ltd., and Rebecca Jones. Wild alleged that the defendants misrepresented the
contents of her father's estate, converted the estate's assets, and committed, inter alia,
fraud, statutory fraud, negligent misrepresentation, and breach of fiduciary duty. Wild
further sought an accounting and a declaratory judgment.

 On June 22, 2009, the Schuster estate, acting by its executor, Frank J., transferred
its interest in the properties at issue to the heirs. Jones and Frank J., in turn,
"acknowledged the superior claim to title" owned by the Farms and conveyed any interest
in the properties that they had to it.

 On January 15, 2010, the Farms brought suit against Wild in cause number C-142-10-A in the 92nd District Court of Hidalgo County, seeking to quiet title to the property that
was owned by Frank Schuster, individually, and claiming title by adverse possession.

 On February 18, 2010, Wild filed a "Motion to Transfer Case" in the probate court
proceeding and further filed a second amended motion to transfer. In response, the Farms
filed a motion to dismiss for lack of jurisdiction and special exceptions. The probate court
held a non-evidentiary hearing on the motion to transfer and motion to dismiss on March
30, 2010. On March 31, 2010, the probate court of Hidalgo County, Texas, entered an
order transferring the district court cause to itself and ordered that the district court cause
be consolidated with the pending probate proceeding. 

 This original proceeding ensued. This Court requested and received a response to
the petition for writ of mandamus from the real parties in interest, and further received a
reply brief from the relator. Relator, the corporation, claims by one issue that:

 Under the Texas Probate Code, a judge of a statutory probate court may
transfer to his or her court from a district court a cause of action related to a
probate proceeding pending in the statutory probate court. [Relator] alleges
that the Executor of the Estate of Frank Schuster conveyed whatever interest
in real property located in Hidalgo County, Texas, it might have had to the
beneficiaries of the estate prior to the initiation in the District Court of FSF's
suit to quiet title to the Property but during the pendency of Wild's suit in the
Probate Court. Is FSF's suit related to a probate proceeding pending in the
Probate Court? 


In connection with this issue, relator contends that, because the tracts were not estate
property at the time the land suit was filed in district court, the land suit is not a matter
related to a probate proceeding. It further alleges that the probate court does not have
jurisdiction over the land suit because the tracts are not estate property.

II. Mandamus Relief


 Mandamus is an "extraordinary" remedy. In re Sw. Bell Tel. Co., L.P., 235 S.W.3d
619, 623 (Tex. 2007) (orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257,
259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator has no adequate
remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) 
(orig. proceeding); see In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008)
(orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary
and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to
correctly analyze or apply the law. In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379,
382 (Tex. 2005) (orig. proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator
must show that the trial court could "reasonably have reached only one decision." Liberty
Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex. 1996) (quoting Walker, 827 S.W.2d
at 840). 

 Historically, mandamus was treated as an extraordinary writ that would issue "only
in situations involving manifest and urgent necessity and not for grievances that may be
addressed by other remedies." Walker, 827 S.W.2d at 840. Now, in some extraordinary
cases, whether a clear abuse of discretion can be adequately remedied by appeal depends
on a careful analysis of the costs and benefits of interlocutory review. In re McAllen Med.
Ctr., Inc., 275 S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to
mandamus review are outweighed by the detriments." In re Prudential Ins. Co. of Am., 148
S.W.3d at 136. According to the Texas Supreme Court: 

 Mandamus review of significant rulings in exceptional cases may be
essential to preserve important substantive and procedural rights from
impairment or loss, allow the appellate courts to give needed and helpful
direction to the law that would otherwise prove elusive in appeals from final
judgments, and spare private parties and the public the time and money
utterly wasted enduring eventual reversal of improperly conducted
proceedings. 


Id. at 136.

 Mandamus relief is appropriate when one court interferes with another court's
jurisdiction. In re Swepi, L.P., 85 S.W.3d 800, 809 (Tex. 2002) (citing Curtis v. Gibbs, 511
S.W.2d 263, 267 (Tex. 1974) ("If the second court . . . attempts to interfere with the prior
action, this court has the power to act by mandamus or other appropriate writ to settle the
conflict of jurisdiction.")); see also Perry v. Del Rio, 66 S.W.3d 239, 258 (Tex. 2001)
(holding that mandamus relief was appropriate when one court actively interfered with the
dominant jurisdiction of another court by setting its case for trial at the same date and
time). This doctrine is applicable to review a probate court's transfer of a suit pending in
district court to itself. In re Swepi, L.P., 85 S.W.3d at 809. 

III. The Probate Code


 The Farms contend that the 2009 revisions to the Texas Probate Code govern our
analysis of the issues herein. In contrast, Wild relies on both the current and former
version of the probate code. In 2009, the 81st Legislature repealed and amended parts
of the Texas Probate Code, including various jurisdictional provisions. See Act of June
19, 2009, 81st Leg., R.S., ch. 1351, §§ 12-15, 2009 Tex. Gen. Laws 4273. The act
repealing and amending the probate code provides that:

 The changes in law made by this section apply only to an action filed or a
proceeding commenced on or after the effective date of this Act. An action
filed or proceeding commenced before the effective date of this Act is
governed by the law in effect on the date the action was filed or the
proceeding was commenced, and the former law is continued in effect for
that purpose. 


Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(i), 2009 Tex. Gen. Laws 4273, 4279;
see Frost Nat'l Bank v. Fernandez, No. 08-0534, 2010 Tex. LEXIS 321, at **31-32 n.22
(Tex. Apr. 16, 2010). The sections of the act at issue herein took effect on September 1,
2009. See Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 15, 2009 Tex. Gen. Laws
4273, 4282. The lawsuit filed in probate court was filed on or about January 26, 2009,
before the effective date of the act; however, the lawsuit filed in district court was filed on
January 15, 2010, after the effective date of the act. The parties have not provided us with
authority regarding which of the two actions we consider to be the action "commenced"
under the code so as to trigger the application of the 2009 amendments. However,
because we conclude that the probate court did not err in transferring the case to itself
under either version of the probate code, we need not further address this issue.

A. The Former Code 


 Former section 5B of the Texas Probate Code governed the transfer of cases to
probate court: 

 A judge of a statutory probate court, on the motion of a party to the action or
on the motion of a person interested in an estate, may transfer to his court
from a district, county, or statutory court a cause of action appertaining to or
incident to an estate pending in the statutory probate court or a cause of
action in which a personal representative of an estate pending in the
statutory probate court is a party and may consolidate the transferred cause
of action with the other proceedings in the statutory probate court relating to
that estate.


Act of Sept. 1, 2003, 78th Leg., R.S., ch. 204, § 3.06, 2003 Tex. Gen. Laws 847, 854
(amended 2009) (current version at Tex. Prob. Code Ann. § 5B(a) (Vernon Supp. 2009)). 
Former section 5A, entitled, "Matters Appertaining and Incident to An Estate," provided: 


 (a) In proceedings in the constitutional county courts and statutory county
courts at law, the phrases "appertaining to estates" and "incident to an
estate" in this Code include the probate of wills, the issuance of letters
testamentary and of administration, the determination of heirship, and
also include, but are not limited to, all claims by or against an estate,
all actions for trial of title to land incident to an estate and for the
enforcement of liens thereon incident to an estate, all actions for trial
of the right of property incident to an estate, and actions to construe
wills, and generally all matters relating to the settlement, partition, and
distribution of estates of deceased persons.


 (b) In proceedings in the statutory probate courts and district courts, the
phrases "appertaining to estates" and "incident to an estate" in this
Code include the probate of wills, the issuance of letters testamentary
and of administration, and the determination of heirship, and also
include, but are not limited to, all claims by or against an estate, all
actions for trial of title to land and for the enforcement of liens
thereon, all actions for trial of the right of property, all actions to
construe wills, the interpretation and administration of testamentary
trusts and the applying of constructive trusts, and generally all matters
relating to the collection, settlement, partition, and distribution of
estates of deceased persons. All statutory probate courts may, in the
exercise of their jurisdiction, notwithstanding any other provisions of
this Code, hear all suits, actions, and applications filed against or on
behalf of any heirship proceeding or decedent's estate, including
estates administered by an independent executor; all such suits,
actions, and applications are appertaining to and incident to an estate.
This subsection shall be construed in conjunction with and in harmony
with Section 145 and all other sections of this Code dealing with
independent executors, but shall not be construed so as to increase
permissible judicial control over independent executors. Except for
situations in which the jurisdiction of a statutory probate court is
concurrent with that of a district court as provided by Section 5(e) of
this Code or any other court, any cause of action appertaining to
estates or incident to an estate shall be brought in a statutory probate
court.


Act of Sept. 1, 2003, 78th Leg., R.S., ch. 1060, §§ 3, 4, 16, 2003 Tex. Gen. Laws 3052,
3054, repealed by Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen.
Laws 4273, 4279. Accordingly, under the prior version of the statute, a probate court can
transfer to itself "a cause of action appertaining to or incident to an estate." Act of Sept.
1, 2003, 78th Leg., R.S., ch. 204, § 3.06, 2003 Tex. Gen. Laws 847, 854 (amended 2009).
The code defined "appertaining" and "incident" to an estate as "generally all matters
relating to the collection, settlement, partition, and distribution of estates of deceased
persons." Act of Sept. 1, 2003, 78th Leg., R.S., ch. 1060, §§ 3, 4, 16, 2003 Tex. Gen.
Laws 3052, 3054 (repealed 2009).

 The term "incident to an estate" confines a probate court's jurisdiction to matters in
which the controlling issue is the settlement, partition, or distribution of an estate. Seay v.
Hall, 677 S.W.2d 19, 23-24 (Tex. 1984). Stated differently, an action incident to an estate
is one in which the outcome will have direct bearing on collecting, assimilating, or
distributing the decedent's estate. English v. Cobb, 593 S.W.2d 674, 676 (Tex. 1979). A
cause of action is "appertaining to or incident to an estate" if the probate code "explicitly
defines it as such or if the controlling issue in the suit is the settlement, partition, or
distribution of an estate." In re Swepi, L.P., 85 S.W.3d at 805 (quoting In re Graham, 971
S.W.2d 56, 58 (Tex. 1998)). To determine if the "controlling issue" in a suit is the
settlement, partition, or distribution of an estate, the court looks to the pleadings in that suit. 
See id. The probate code expressly provided that "all actions for trial of title to land and
for the enforcement of liens thereon, all actions for trial of the right of property . . . and
generally all matters relating to the collection, settlement, partition, and distribution of
estates of deceased persons" are matters that are "appertaining to estates" and "incident
to an estate." See Act of Sept. 1, 2003, 78th Leg., R.S., ch. 1060, §§ 3, 4, 16, 2003 Tex.
Gen. Laws 3052, 3054 (repealed 2009). 

 The Farms alleges that, because the decedent's estate conveyed whatever interest
it might have had in the subject properties to the heirs during the pendency of the probate
proceeding but prior to the initiation of the district court proceeding, the district court
proceeding was not related to a pending probate proceeding. In other words, the Farms
contends that, because the tracts were not estate property at the time the land suit was
filed, the land suit is not a matter related to a probate proceeding and thus the probate
court lacks jurisdiction over the district court proceeding. We disagree. The lawsuit in
district court involves title to and ownership of land and is one pertaining to the collection,
settlement, and distribution of the estate of the decedent. Accordingly, under the former
law, the lawsuit in district court was appertaining to or incident to an estate under the
explicit terms of the probate code, and thus the probate court had statutory authority to
transfer that lawsuit to itself. 

B. The Current Code


 In contrast to former section 5(B)(a), which allowed a probate court to transfer to
itself "a cause of action appertaining to or incident to an estate pending in the statutory
probate court," the current version of the code provides that the probate court may transfer
to itself "a cause of action related to a probate proceeding pending in the statutory probate
court." See Tex. Prob. Code Ann. § 5B(a) (Vernon Supp. 2009). The Farms contends
that this statutory change in language evinces a legislative intention to narrow the number
of suits that fall within its penumbra. The Farms relies on section 4B of the code, entitled
"Matters Related to Probate Proceeding," which defines these matters in counties with a
statutory probate court (2) as including, in relevant part, "an action for trial of title to real
property that is estate property, including enforcement of a lien against the property," and
"an action for trial of the right of property that is estate property." See id. §4B (Vernon
Supp. 2009). The Farms notes that the current statutory language is stated in present
tense, and thus indicates that property that has been transferred out of the estate is not
currently estate property. Again, we disagree. Under the current code, "estate" is defined
broadly and encompasses property subject to transfer:

 "Estate" denotes the real and personal property of a decedent, both as such
property originally existed and as from time to time changed in form by sale,
reinvestment, or otherwise, and as augmented by any accretions and
additions thereto (including any property to be distributed to the
representative of the decedent by the trustee of a trust which terminates
upon the decedent's death) and substitutions therefor, and as diminished by
any decreases therein and distributions therefrom.


See id. § 3(l) (Vernon Supp. 2009). (3) 


C. Analysis


 Under terminology derived from the previous version of the probate code, a lawsuit
is "incident" to an estate if a review of the pleadings indicates it will have a direct impact
on the assimilation, distribution and settlement of the estate. See Lee v. Hersey, 223
S.W.3d 439, 445 (Tex. App.-Amarillo 2006, pet. denied); Estate of Arlitt v. Paterson, 995
S.W.2d 713, 718 (Tex. App.-San Antonio 1999, pet. denied). We give this phrase a
"broad" interpretation. Lee, 223 S.W.3d at 445; Hawkins v. Estate of Volkmann, 898
S.W.2d 334, 340 (Tex. App.-San Antonio 1994, writ denied). We conclude the same
analysis applies to determine if a lawsuit is "related" to an estate. The district court case
at issue is one brought by the Farms seeking to quiet title to the property that was owned
by the decedent, individually, and which should have been, but was not, originally treated
as part of his estate. The Farms is claiming title to this "estate" property, as against an heir
to the estate, by adverse possession. Under these circumstances, the district court lawsuit
will have a direct impact on the distribution and settlement of the estate. See Lee, 223
S.W.3d at 445; see also English, 593 S.W.2d at 676 (holding that the probate court had
jurisdiction to determine claim that respondent wrongfully withdrew funds from decedent's
savings account because the suit involved the right to probate assets and had a direct
bearing on the assimilation collection, and distribution of the estate). 

 The Farms cites In re Swepi, L.P., to support its contention that the probate court
improvidently transferred the district court case to probate court. See 85 S.W.3d at 805. 
However, this authority is distinguishable from the instant case because the underlying
proceedings herein concern matters expressly defined as appertaining to, incident to, or
related to an estate. See id. at 804. Moreover, the decedent herein owned the property
at issue in the district court case, and such property should have been, but was not, part
of the decedent's estate. See id. at 805. 

IV. Conclusion


 We conclude that the Hidalgo County probate court did not err in transferring the
lawsuit filed by the Farms in district court to itself under the pertinent provisions of the
probate code. The Court, having examined and fully considered the petition for writ of
mandamus, the response thereto, and relator's reply brief, is of the opinion that relator has
not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus
and the motion for emergency stay, which was previously carried with the case, are
DENIED. See Tex. R. App. P. 52.8(a). 

 

 __________________________

 GINA M. BENAVIDES,

 Justice

 

Delivered and filed the

29th day of June, 2010.




1. See Tex. R. App. P. 52.8(d) ("When granting relief, the court must hand down an opinion as
in any other case."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. The Hidalgo County probate court is a statutory probate court. See Tex. Gov't Code Ann. §
25.1101(b) (Vernon Supp. 2009). 
3. We note that the current probate code also provides that a probate court "may exercise pendent and
ancillary jurisdiction as necessary to promote judicial efficiency and economy. Tex. Prob. Code Ann. § 4A(c)
(Vernon Supp. 2009).