Marsha Jean **WILLIAMS**, Relator,

v.

The Honorable Jim **SCANLAN**, Judge, Probate Court Number Three, Respondent.

No. A14–86–313–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 22, 1986.

Robert J. Piro, Pamela E. George, Houston, for relator.

Sharon B. Gardner, Edward G. Murr, Patricia Powell, Michael J. Cenatiempo, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## ORIGINAL PROCEEDING WRIT OF MANDAMUS

ROBERTSON, Justice.

We granted leave to determine whether a writ of mandamus should issue to vacate respondent's order of April 15, 1986, naming a temporary guardian. We conditionally grant the mandamus.

Relator is the respondent/cross-petitioner in a divorce action commenced by her husband, Edward Jones "Pete" Williams, III, (Pete Williams), in the 245th Judicial District Court, Cause No. 86–03913. Temporary orders were entered by that court March 25, 1986, replaced by amended temporary orders April 8, 1986. Pete Williams was ordered to pay relator $7,250.00 per month for three consecutive months, the first payment due and payable March 15, 1986. He was also ordered to pay $25,000.00 to relator's attorney. Pete Williams was further ordered to file a sworn inventory and appraisement of all separate and community property owned by the parties. He was enjoined from a variety of actions which would affect the property.

On April 1, 1986, Van Williams was named by respondent, at an ex parte hearing, temporary guardian of the person and estate of his brother, Pete Williams. At a hearing April 11, 1986, relator presented a motion to dismiss/abate the application for temporary guardianship. In response to the application, she asked to be appointed guardian if one were appointed. An order confirming temporary guardianship was signed April 15, 1986, naming Van Williams

guardian of the person of Pete Williams and Michael J. Cenatiempo guardian of the estate with the power to collect and protect the assets of the estate. Both guardians have been added as parties defendant in the divorce action.

Relator challenges the authority of the probate court to name the temporary guardian of the estate, arguing the action is without foundation in law, is beyond the court's jurisdiction, and is an abuse of discretion.

Mandamus is an appropriate remedy when a jurisdictional conflict arises between courts exercising concurrent jurisdiction. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex. 1974); *Cruz v. Scanlan*, 682 S.W.2d 422 (Tex.App.—Houston [1st Dist.] 1984, no writ).

Both the probate court and the district court had jurisdiction to enter their respective orders. Respondent's appointment of temporary guardian of the estate of an incapacitated person is clearly authorized. TEX.REV.CIV.STAT.ANN. art. 1970–110a.3; TEX.PROB.CODE ANN. §§ 5, 5A. The district court was similarly well within its powers to issue temporary orders which set temporary support, preserved the property of the parties, supervised spending of funds, and awarded attorney's fees. TEX. CONST. art. V § 8; TEX.GOVERNMENT CODE ANN. §§ 24.007, 24.008, 24.601; TEX.FAM.CODE ANN. §§ 3.58, 3.59.

Once the district court's jurisdiction was invoked by the filing of a petition for divorce, the court acquired the authority to divide the estate of the parties, approve written agreements concerning division of the estate, and enforce the division of the estate after the divorce is final. *Id.* at §§ 3.63, 3.631, 3.70–3.77. Because all property possessed by either spouse during or on dissolution of marriage is presumed to be community property, the district court's power extends to all property of the parties. *Id.* at § 5.02.

Respondent and the district court are thus exercising jurisdiction over the same estate. Obviously, however, both courts

cannot exercise this jurisdiction at the same time with respect to the same estate without unseemly conflict. 511 S.W.2d at 266.

The district court's exclusive jurisdiction over divorce matters is undisputed. TEX. CONST. art. V § 8; TEX.GOVERNMENT CODE ANN. §§ 24.007, 24.601. That the district court acquired jurisdiction over the estate before the probate court appointed a temporary guardian is also unchallenged. The temporary guardian suggests, however, the district court has no power over probate matters.

In *Pullen v. Swanson,* 667 S.W.2d 359 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) this court held district courts are not completely divested of jurisdiction to hear matters incident to an estate by the mandate of the final sentence of section 5A of the Probate Code.[1] We believe that reasoning is still sound.

The import of that sentence, however, is clear. Where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause pertaining or incident to an estate shall be brought in the probate court.

The community estate of relator and the ward, however, were not matters "incident to an estate" when the divorce action was initiated in district court January 20, 1986. No probate matter was involved until the question of Pete Williams' competency arose.

When, as here, the district court had gained jurisdiction of an estate before that estate assumed a probate nature, and when the probate court does not have jurisdiction adequate to grant all requested relief, then it is inappropriate for the probate court to exercise jurisdiction over that estate. When, as in this case, the statutory scheme confers concurrent jurisdiction on more than one court, deference to the court first acquiring jurisdiction is a judicial impera-

tive. Without judicial restraint, the system veers toward chaos or stalemate.

Respondent should have granted the motion to dismiss/abate the application for temporary guardianship of the estate. Relator's petition for writ of mandamus is conditionally granted. We are confident Judge Scanlan will vacate his order appointing a temporary guardian of the estate. The writ of mandamus will issue only if the order is not vacated.

---

1. The final sentence is now the penultimate sentence of § 5A after a 1985 amendment. We also are cognizant that Art. V § 8 of the Texas Constitution, which played a part in our reasoning in *Pullen v. Swanson,* was amended in November 1985, but we do not believe the amendment affects the outcome.