**Jack William ROWLAND, Relator,**

v.

**Judge Anthony WILLY, Judge of the Probate Court Number One, Brazoria County, Texas, Respondent.**

No. C14–88–00258–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 2, 1988.

Leta S. Parks, Mike Carnahan, Houston, for relator.

C. Robert Keeney, Jr., Houston, for respondent.

Before JUNELL, SEARS and DRAUGHN, JJ.

OPINION

SEARS, Justice.

The Honorable Anthony Willy, Judge of the Probate Court Number One, Brazoria County, Texas, entered an order dated January 6, 1988, in cause number 16564, styled *In the Matter of the Guardianship of Amy Laurie Rowland, NCM,* in which Carol Ann Gross was appointed the guardian of Amy Laurie Rowland. By Application for Writ of Mandamus, Jack William Rowland asks this court to direct Judge Willy to set aside the order.

Relator claims that the 309th District Court of Harris County, Texas, had continuing exclusive jurisdiction over all parties and matters in connection with Amy Laurie Rowland under Tex.Fam.Code Ann. § 11.05 (Vernon 1986), and that the Re-

spondent should have denied Carol Ann Gross' Application for Guardianship.

Jack William Rowland and Carol Ann Rowland (now Carol Ann Gross) were granted a divorce on April 27, 1977, in the Court of Domestic Relations Number Two of Harris County, Texas. That court appointed Carol Ann Rowland managing conservator of the children of the marriage, Kerry Lynn and Amy Laurie. The court also appointed Jack William Rowland possessory conservator, granted him visitation privileges and ordered him to pay child support. When the Domestic Relations Courts of Harris County were reorganized into District Courts, the 309th District Court became the court of continuing jurisdiction for that suit.

On May 12, 1987, Carol Ann Gross, filed a Motion to Modify in a Suit Affecting the Parent—Child Relationship, seeking to extend child support beyond the eighteenth birthday of Amy Laurie Rowland. Amy Laurie Rowland suffers from severe mental retardation and requires continuous supervision and care. Amy's eighteenth birthday was June 2, 1987. On May 29, 1987, the Honorable John Montgomery, Judge of the 309th District Court, entered temporary orders extending child support beyond Amy's eighteenth birthday. Judge Montgomery's stated purpose for issuing that order was to "retain jurisdiction" until a full hearing could be held regarding permanent extension of child support.

On October 9, 1987, while these temporary orders were still in effect, and the suit affecting the parent—child relationship was pending in the 309th District Court, Carol Ann Gross filed an Application for Appointment of Guardian in the Probate Court Number One of Brazoria County, Texas. Relator filed a contest of the application asserting the exclusive continuing jurisdiction of the District Court. On January 6, 1988, Respondent denied Relator's contest and issued an order appointing Carol Ann Gross as guardian of the person of Amy Laurie Rowland.

Mandamus is an appropriate remedy when a jurisdictional conflict arises between courts exercising concurrent jurisdic-

tion. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974); *Williams v. Scanlan,* 714 S.W.2d 38, 39 (Tex.App.—Houston [14th Dist.] 1986, no writ).

This court has previously recognized the concurrent jurisdiction of the district court and the probate court. *Williams v. Scanlan,* 714 S.W.2d at 39; *Pullen v. Swanson,* 667 S.W.2d 359, 362 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). TEX. PROB.CODE ANN. § 5(a) (Vernon 1980) authorizes Respondent's appointment of a guardian. Similarly, the district court has jurisdiction over the matter. Tex. Const. art. V § 8; Tex.Prob.Code Ann. § 5(a). Also, Tex.Fam.Code Ann. § 14.05(b) (Vernon 1986) authorizes the indefinite extension of payments for support of a child beyond the child's eighteenth birthday if the court finds that, because of a mental or physical disability, the child requires continuous care and personal supervision and will not be able to support himself. The District Court's order includes such a finding.

> Tex.Fam. Code Ann. § 11.05(a) provides: [W]hen a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child.

Tex.Fam. Code Ann. § 11.05(a) (Vernon 1986).

A suit affecting the parent-child relationship includes a suit in which the appointment of a managing conservator or support of a child is sought. Tex.Fam. Code Ann. § 11.01(5). (Vernon Supp.1988). Accordingly, the district court gained jurisdiction over the suit affecting the parent—child relationship at the time the divorce action was filed. Tex.Fam.Code Ann. §§ 11.07, 14.08 (Vernon 1986). Pursuant to § 11.05 of the Family Code, the District Court was vested with exclusive continuing jurisdiction.

■ Where the statutory scheme confers concurrent jurisdiction on more than one court, deference to the court first acquiring jurisdiction is a judicial imperative. *Curtis*

*v. Gibbs,* 511 S.W.2d at 267; *English v. Gregory,* 714 S.W.2d 443, 446 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Williams v. Scanlan,* 714 S.W.2d at 40; *Pullen v. Swanson,* 667 S.W.2d at 364.

■ We hold that because the District Court first acquired jurisdiction over the parties and matters in connection with the child, Judge Willy should have sustained Relator's Plea to the Jurisdiction and should have denied Carol Ann Gross' Application for Appointment of Guardian.

Accordingly, Relator's petition for writ of mandamus is conditionally granted. We are confident Judge Willy will vacate his order appointing Carol Ann Gross as guardian of the person of Amy Laurie Rowland. The writ of mandamus will issue only if the order is not vacated.