Affirmed and Memorandum Opinion filed August 8, 2006








Affirmed and Memorandum Opinion filed August 8, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00745-CV

____________

 

IN THE INTEREST OF J.B.H., A MINOR
CHILD

 



 

On Appeal from the 306th
District Court

Galveston County, Texas

Trial Court Cause No. 05FD0478

 



 

M E M O R A N D U M   O P I N I O N

Appellant William Francis Harris appeals the trial court=s dismissal of his
case against appellees Antoinette Richardson Winston, the Honorable Gladys
Burwell, John Buckley, Jr., Ervin Apffel, Jr., and the Texas Department of
Family and Protective Services based on judicial immunity and lack of
jurisdiction.  We affirm.

Appellant was convicted of murder and sentenced to
sixty-five years= imprisonment for killing Wenona Lynn
Harris, his wife and the mother of his minor child, J.B.H.  See Harris v.
State, 133 S.W.3d 760 (Tex. App.CTexarkana 2004,
pet. ref=d).  J.B.H.=s cousin, appellee
Winston, filed applications for temporary and then permanent guardianship of
J.B.H. in the Galveston County Probate Court, which appellee Judge Gladys
Burwell granted.








Appellant filed a petition in the 306th District Court, to
which he refers as the AFamily Court,@ called AApplication for
Writ of Habeas Corpus and Motion to Remove Non-Statutory Termination of
Parental Rights Existing Between Legitimate Father, Parent and Natural Child,
Pursuant to USCA, Constitutional Amendments, 1st, 5th, 14th, Texas Family Code ' 42.003, 155.002,
156.101, 161.001, and 161.206(b).@  His suit named
as defendants appellees Judge Burwell, Winston, Winston=s attorney Apffel,
J.B.H.=s guardian ad
litem Buckley, and the Texas Department of Family and Protective Services.  In
this petition, appellant complained about the guardianship appointment, which
he apparently considered a termination of his parental rights, and asserted
that only the family court, not the probate court, had jurisdiction to enter
such an order.  He further alleged that Winston was not acting properly as
guardian and that the child=s grandmother should be appointed
temporary managing conservator.

After a hearing in which appellant appeared telephonically,
the trial court dismissed appellant=s suit on the
grounds that judicial immunity protected Judge Burwell from suit and the
probate court had jurisdiction to enter the guardianship orders.  Appellant
appeals these rulings.  His primary argument is that Judge Burwell has no
authority to enter guardianship orders because the family court has exclusive
jurisdiction to determine all matters regarding the custody of children. 
Appellant is mistaken.  Probate Code section 606, entitled AJurisdiction with
Respect to Guardianship Proceedings,@ provides that in
counties where there is a statutory probate court, such as Galveston County, Aall applications,
petitions, and motions regarding guardianships . . . shall be filed and heard
in the statutory probate court.@  Tex.
Prob. Code Ann. ' 606(d) (Vernon Supp. 2005).  Thus, the
probate court had jurisdiction to enter guardianship orders regarding J.B.H,
and the dismissal of appellant=s suit was proper.[1]








Further, the trial court did not err in dismissing
appellant=s claims against Judge Burwell on the basis that she
is entitled to judicial immunity regarding her orders in guardianship
proceedings.  See Twilligear v. Carrell, 148 S.W.3d 502, 504B05 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).

Appellant also complains that the trial court erred in
dismissing his case without making findings of fact and conclusions of law. 
Assuming he would otherwise be entitled to such findings and conclusions in
these circumstances, the record does not show that he ever requested them, as
he must under Texas Rule of Civil Procedure 296, and thus he has waived his
right to complain about this issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 8, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.









[1]  Appellees are not clear as to whether they contend
the probate court=s jurisdiction is exclusive or concurrent.  See
Saldarriaga v. Saldarriaga, 121 S.W.3d 493, 500B02 (Tex. App.CAustin
2003, no pet.) (explaining why statutory probate courts have exclusive
jurisdiction over guardianship appointments of children); Tex. Prob.
Code Ann. ' 606(h) (Vernon Supp. 2005)
(providing that district courts and probate courts have concurrent jurisdiction
over many actions involving guardians).  We
need not decide this issue because dismissal was proper under either theory.  See
Tex. Fam. Code Ann. ' 155.102 (Vernon 2002) (stating that if one court
determines that another court has exclusive jurisdiction over a child, the
first court must dismiss the case); Rowland v. Willy, 751 S.W.2d 725, 726 (Tex. App.CHouston [14th Dist.] 1988, no writ)
(AWhere the statutory scheme confers
concurrent jurisdiction on more than one court, deference to the first court
acquiring jurisdiction is a judicial imperative.@); see also Barrientos v. Nava, 94 S.W.3d
270, 277 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(noting that ATexas law greatly discourages the
multiplicity of suits, preferring that all disputes between parties over the
same subject matter be settled in one suit@).