# NO. 12-14-00217-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BARBARA GAIL HARRIS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | | |
| *HAYDEN R. MAYFIELD,*<br>*INDEPENDENT EXECUTOR OF THE*<br>*ESTATE OF HAYDEN R. MAYFIELD,*<br>*DECEASED, AND TRUSTEE UNDER*<br>*THE WILL OF HAYDEN R. MAYFIELD,* | § | *COUNTY COURT AT LAW NO. 2* |
| *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Barbara Gail Harris appeals from a summary judgment by which the trial court barred her attempt to collect child support arrearages from the estate of Hayden R. Mayfield.  Harris raises five issues concerning jurisdiction, validity of the judgment for arrearages, denial of her motions for continuance and discovery, and attorney's fees.  We affirm.

## BACKGROUND

In 1990, Harris obtained a judgment for child support arrearage against her ex-husband, William Frank Mayfield, from the 307th District Court in Gregg County.  She had the judgment abstracted in 1990 and again in 2000.  In 2013, she attempted to collect on the judgment from assets in the estate of Hayden R. Mayfield, William's father.

Harris attempted to depose Hayden Roy Mayfield, the son of Hayden R. and the brother of William.  Harris's notice of deposition included the style and district court cause number of her previous suit against William in which she obtained the 1990 judgment.  It also included a subpoena duces tecum.  Hayden Roy filed objections, a motion to quash, and a motion for

protection, all of which were heard by the district court. The district court allowed the deposition of Hayden Roy.

Hayden Roy, in his role as independent executor of the estate of his father and trustee of the Mayfield Family Trust created in his father's will, then filed a petition for declaratory judgment in County Court at Law Number 2 in Gregg County "with respect to the responsibility of the Estate and the Family Trust for a judgment held by [Harris] against [William]." Specifically, Hayden Roy sought a declaration that the judgment against William had expired, or if it had not expired, a declaration regarding whether estate assets are subject to Harris's judgment lien.

Harris filed a plea to the jurisdiction questioning the county court's authority to hear the case, and asserting that the district court has "priority jurisdiction." Hayden Roy filed a motion for summary judgment, and Harris filed a response. Harris also filed a motion for continuance. The county court denied Harris's plea to the jurisdiction and motion for continuance. The county court then granted Hayden Roy's motion for summary judgment. The county court determined that Harris's judgment against William "expired and is no longer valid, continuing, or enforceable."

Harris filed a motion for new trial, discovery, and attorney's fees. Hayden Roy filed a response. The county court denied Harris's motion for new trial, and denied as moot Harris's motion for discovery and for attorney's fees. This appeal followed.


<u>**JURISDICTION**</u>

In her first issue, Harris contends that the district court retained "primary and continuous jurisdiction" over the viability of her judgment against William. In her second issue, Harris contends that the county court erred when it denied Harris's plea to the jurisdiction.

<u>**Standard of Review**</u>

The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. ***Bland Indep. Sch. Dist. v. Blue***, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 226 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law reviewed de novo. ***Id***.

**Analysis**

Harris, in her plea to the jurisdiction, conceded that the county court had jurisdiction of the claims asserted. She claimed that the county court and district court have concurrent jurisdiction but asserted that was not the controlling issue because the district court had "priority jurisdiction" to resolve the dispute.[1] She did not expound on what she meant by priority jurisdiction, but Harris claimed, "It is a judicial imperative that the [district court] must be given deference by [the county court]." As authority for this judicial imperative, Harris cited *Rowland v. Willy*, 751 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding).

In *Rowland*, the parents of a child who required continuous supervision and care divorced. Before the child's eighteenth birthday, the mother filed a motion to modify in a suit affecting the parent-child relationship in the court that had granted the parent's divorce. While that motion was still pending, the mother filed an application for guardianship of the child in another court. The appellate court determined that Family Code Section 11.05 conferred on the first court "exclusive continuing jurisdiction" over all parties and matters provided for under that subtitle of the Family Code, including the appointment of a managing conservator.[2] *Id.* at 726. The appellate court then stated, "Where the statutory scheme confers concurrent jurisdiction on more than one court, deference to the court first acquiring jurisdiction is a judicial imperative." *Id*. The appellate court then ordered the trial court to sustain the father's plea to the jurisdiction. *Id*. at 727.

Harris's reliance on *Rowland* is misplaced. In *Rowland*, the first court obtained exclusive jurisdiction because both suits affected the parent-child relationship. *Id*. at 726. Here, unlike *Rowland*, Hayden Roy's suit is not a suit affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. § 101.032 (West 2014). Harris's argument that the district court had "priority jurisdiction" has no merit.

However, if we construe Harris's argument as one based on dominant jurisdiction, the result does not change. We note initially that Harris did not file a plea in abatement asserting

---

[1] Texas courts generally discuss priority jurisdiction in reference to child custody disputes, and in that context, priority jurisdiction is given to the home state of the child. *See Barabarawi v. Mahaer Abu Rayyan*, 406 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Arnold v. Price*, 365 S.W.3d 455, 460-61 (Tex. App.—Fort Worth 2011, no pet.).

[2] The Texas legislature recodified the Texas Family Code in 1995. *See* TEX. FAM. CODE ANN. §§ 155.001-.003 (West 2014).

3

that the two courts have concurrent jurisdiction and that the district court has dominant jurisdiction. *See In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (orig. proceeding) (holding that a party should file a plea in abatement, not a plea to the jurisdiction, to assert that another court has dominant jurisdiction). She therefore waived the contention. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988).

Moreover, this is not a case involving dominant jurisdiction. When the jurisdiction of a county court and a district court are concurrent, the issue is which court has dominant jurisdiction. *In re Puig*, 351 S.W.3d at 305. In other words, we apply dominant jurisdiction when cases involving the same parties and same controversy are brought in different courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding); *see also Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (applying dominant jurisdiction to cases involving the same subject matter). Hayden Roy's case filed in county court simply does not involve the same parties and controversy as Harris's previously filed suit in district court. *See Curtis*, 511 S.W.2d at 267. Accordingly, the district court never obtained dominant jurisdiction over this dispute.

Finally, Hayden Roy pleaded a proper declaratory judgment action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). The parties had actual disputes regarding the continued viability of Harris's judgment against William and, if still viable, whether the assets of William's father's estate or the family trust were subject to attachment to satisfy the judgment. The district court did not retain "primary jurisdiction," and the trial court did not err in denying Harris's plea to the jurisdiction. We overrule Harris's first and second issues.

<u>**MOTION FOR SUMMARY JUDGMENT**</u>

In her third issue, Harris contends that the trial court erred in granting Mayfield's motion for summary judgment. Without explanation, she asserts that the district court judgment is not void. Therefore, she asserts, Mayfield's petition is an impermissible collateral attack on her district court judgment.

**Standard of Review**

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Once the movant has established a right to summary judgment, the burden of proof shifts to the nonmovant to

respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

We review a trial court's grant of a summary judgment de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Neely v. Wilson*, 418 S.W.3d 52, 59-60 (Tex. 2013). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c).

## Analysis

In her response to Mayfield's motion for summary judgment, Harris did not include the argument that Mayfield is collaterally attacking the district court judgment. Therefore, she cannot raise this argument on appeal. *See* TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). Additionally, a collateral attack seeks to avoid the binding effect of a judgment. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). Here, rather than attempting to avoid the binding effect of a judgment, Mayfield sought a declaration that the prior judgment and judgment lien are no longer valid.

In his motion for summary judgment, Mayfield sought a declaratory judgment that there is no valid lien with respect to the child support judgment Harris seeks to enforce. He argued that, pursuant to the law in effect at the time, the judgment lien expired in 2000 or 2010. We agree that the lien expired in 2010.

In 1990, when the district court rendered judgment for Harris, and the judgment was originally abstracted, the applicable law provided that a judgment lien continues for ten years following the date of recording and indexing the abstract. Act of May 26, 1983, 68th Leg., ch. 576, § 1, 1983 Tex. Gen. Laws 3528 (amended 2007) (current version at TEX. PROP. CODE ANN. § 52.006 (West 2014)). So under the 1990 law, the lien was valid until 2000. However, in 1991, the Texas Family Code was amended to add a provision dealing with child support liens. This statute provided that a child support lien continues as a lien for ten years following the date of recording of the notice and that the lien may be extended for an additional ten year period by recording another timely child support lien notice. Act of August 1, 1991, 72nd Leg., 1st C.S., ch. 15, § 4.06, 1991 Tex. Gen. Laws 281, 307. The statute applied to enforcement of child

support orders without regard to whether the order was entered before, on, or after September 1, 1991, the effective date of the statute. Act of August 1, 1991, 72nd Leg., 1st C.S., ch. 15, § 4.14, 1991 Tex. Gen. Laws 281, 314. Therefore, pursuant to the 1991 provision, Harris's 1990 judgment, which was abstracted in 1990 and extended in 2000, created a valid lien until February 2010.

The statute was later amended and now provides that child support liens are effective until all current support and arrearages have been paid. Act of May 15, 1997, 75th Leg., R.S., ch. 420, § 7, 1997 Tex. Gen. Laws 1660, 1661 (current version at TEX. FAM. CODE ANN. § 157.318(a) (West 2014)). Harris argues that the current version applies in this case. We disagree. The session laws provide that this amendment applies only to a child support lien notice or suit filed on or after September 1, 1997, the effective date of the amendment. Act of May 15, 1997, 75th Leg., R.S., ch. 420, § 31, 1997 Tex. Gen. Laws 1660, 1668. The legislature specifically stated that "[a] child support lien notice or suit filed before the effective date of this Act is covered by the law in effect on the date the lien notice or suit was filed, and the former law is continued in effect for that purpose." *Id*. Harris filed her abstract of judgment in 1990 and extended it in 2000. In other words, her lien became valid in 1990 and simply continued in force until 2010.

Accordingly, the judgment expired more than three years before Hayden Roy filed his suit for declaratory judgment. Therefore, the trial court properly granted Hayden Roy's motion for summary judgment. *See Nixon*, 690 S.W.2d at 548. We overrule Harris's third issue.

## MOTIONS FOR CONTINUANCE AND FOR DISCOVERY

In her fourth issue, Harris contends that the trial court erred in denying her motions for continuance and for discovery. The argument for the continuance was her need for discovery. She asserted that the trial court's denial was arbitrary and unreasonable and prevented her from discovering collectible assets to satisfy her judgment.

### Standard of Review and Applicable Law

The denial of a motion for continuance is reviewed under an abuse of discretion standard. *Garner v. Fid. Bank, N.A.*, 244 S.W.3d 855, 858 (Tex. App.—Dallas 2008, no pet.). Likewise, we review a trial court's denial of a motion for discovery under an abuse of discretion standard. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009). To establish that a trial court

abused its discretion, a party must demonstrate that the trial court's action was arbitrary, unreasonable, or without reference to any guiding rules and principles. *Id*.

Discovery of any unprivileged information relevant to the subject of the lawsuit, including inadmissible evidence, is permitted so long as the request is reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3(a); *see also In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). While the scope of discovery is quite broad, it is confined by the subject matter of the case and the reasonable expectation of obtaining information that will aid resolution of the dispute. Tex. R. Civ. P. 192 cmt. 1; *see also In re CSX Corp.*, 124 S.W.3d at 152. Discovery should be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

## Application

Here, Harris sought a motion for continuance and motion for discovery to discover collectible assets to levy on in satisfaction of her judgment for child support arrearages. However, as we explained above, Harris's judgment lien against William had expired before her attempt to obtain discovery from Hayden Roy. Because the judgment lien had expired, Harris had no need to discover potential collectible assets to levy on. Simply put, the existence of those potential assets was not relevant to the determination of Hayden Roy's motion for summary judgment, and once the county court granted Hayden Roy's motion for summary judgment, the existence of those potential assets was not relevant to any aspect of the case. *See id*. Accordingly, the county court did not abuse its discretion in denying Harris's motion for continuance or motion for discovery. *See Castillo*, 279 S.W.3d at 661; *Garner*, 244 S.W.3d at 858. We overrule Harris's fourth issue.

## ATTORNEY'S FEES

In her fifth issue, Harris contends that she should be awarded reasonable and necessary attorney's fees.

We review a trial court's decision to either grant or deny attorney's fees under an abuse of discretion standard. *See Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). Generally, a party may not recover attorney's fees unless such an award is authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). A

claimant may recover reasonable attorney's fees incurred in an action against a person who failed to comply with a proper notice of levy of property. TEX. FAM. CODE ANN. § 157.330(a)(b) (West 2014).

There is no indication in the record that Harris served notice of levy and demanded surrender of property, the prerequisite to obtaining attorney's fees upon the notice recipient's failure to comply. *See id.* Moreover, as explained above, Harris's judgment lien had expired long before she attempted to collect from the estate of Hayden R. Mayfield. There is no authority for awarding Harris her attorney's fees in this matter. Accordingly, the trial court did not abuse its discretion in denying Harris's request for attorney's fees. *See **Ridge Oil Co.**,* 148 S.W.3d at 163. We overrule Harris's fifth issue.

## DISPOSITION

Having overruled Harris's five issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered December 17, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 17, 2014**

**NO. 12-14-00217-CV**

**BARBARA GAIL HARRIS,**
Appellant
V.
**HAYDEN R. MAYFIELD, INDEPENDENT EXECUTOR OF THE
ESTATE OF HAYDEN R. MAYFIELD, DECEASED, AND TRUSTEE
UNDER THE WILL OF HAYDEN R. MAYFIELD,**
Appellee

Appeal from the County Court at Law No. 2

of Gregg County, Texas (Tr.Ct.No. 2013-0254-P-1)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **BARBARA GAIL HARRIS,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*